

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00126-CV

**IN RE NEWPORT CLASSIC HOMES, L.P., L.L.C.**

Original Mandamus Proceeding[1]

### DISSENT TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Dissenting Opinion by: Rebeca C. Martinez, Justice, joined by Justice Irene Rios

Sitting en banc:      Sandee Bryan Marion, Chief Justice
                       Karen Angelini, Justice
                       Marialyn Barnard, Justice
                       Rebeca C. Martinez, Justice
                       Patricia O. Alvarez, Justice (not participating)
                       Luz Elena D. Chapa, Justice (not participating)
                       Irene Rios, Justice

Delivered and Filed: December 12, 2018

I dissent to the denial of real party in interest Rafael Lagunes' motion for en banc reconsideration without requesting a response. *See* TEX. R. APP. P. 49.2.

To reiterate our previous dissent to the en banc's granting of mandamus relief, this court has ignored the Texas Supreme Court's disfavor of en banc reconsideration and has allowed a minority en banc of three participating justices who disagree with a panel opinion to substitute its own opinion when there is no conflict among this court's decisions nor the existence of "extraordinary circumstances" which require en banc review.

---

[1] This proceeding arises out of Cause No. 2014-CI-02113, styled *Rafael Lagunes v. Newport Classic Homes, L.P., L.L.C.*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Rosie Alvarado presiding.

The Texas Supreme Court is invited to consider whether this case has invoked the en banc procedure within the purview of the plain text of the rules and the Texas Supreme Court's directive disfavoring en banc review, or whether, instead, a minority en banc consisting of three justices has simply replaced a panel opinion under favorable circumstances where no true conflict in precedent exists.

As discussed in Justice Rios' dissent to the grant of en banc review, Newport did not meet the requirements for both mandamus relief and en banc consideration. *In re Newport Classic Homes, L.P., L.L.C.*, No. 04-18-00126-CV, 2018 WL 4903065, at \*8 (Tex. App.—San Antonio Oct. 10, 2018, orig. proceeding) (mem. op.) (Rios, J., dissenting to grant of motion for en banc reconsideration). The minority en banc admits but ignores the fact that Newport failed to provide the trial court with a motion for protection or to quash, and to provide timely proof in support of its objections nor seek any requisite leave to file any affidavit for the trial court to properly consider. Without precedent, it summarily excuses Newport's procedural omissions and conclusively holds that a response to a motion to compel discovery equates to a motion for protection. Further, the opinion granting en banc reconsideration lacks any evaluation of prior precedent against which the original panel opinion conflicted, dropping only a footnote to state "a denial of mandamus relief in this case would conflict with our prior decision in *In re Semgroup.*"[2] *Id.* at \*1. Notably, the opinion fails to point to the existence of any "extraordinary circumstances," and instead simply joins in the dissent's view of the facts before the trial court.

Because the relator failed to show an abuse of discretion without appellate remedy by the trial court in granting the motion to compel on the record before us, I would again deny Newport's petition for writ of mandamus and motion for en banc reconsideration and uphold the trial court's decision to

---

[2] *In re Semgroup Corp.*, No. 04-16-00230-CV, 2016 WL 3085875 (Tex. App.—San Antonio June 1, 2016, orig. proceeding).

grant the motion to compel the deposition of the corporate officer.  I therefore dissent to the minority en banc's order granting Newport's petition for writ of mandamus and also its order denying Lagunes' motion for en banc reconsideration.

Rebeca C. Martinez, Justice